**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 19-20026-JAR |
| **LIONEL SIMPSON,** | |
| **Defendant.** | |

**ORDER DISMISSING MOTION FOR HOME CONFINEMENT**

This matter comes before the Court on Defendant Lionel Simpson's *pro se* letter (Doc. 35) requesting relief "based on the coronavirus national emergency act."[1] For the reasons explained below, the Court dismisses Defendant's motion for lack of jurisdiction.

**I.    Background**

On August 12, 2019, Defendant pled guilty to one count of distributing twenty-eight or more grams of a cocaine-base controlled substance and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. §§ 2, 924(c) pursuant to a Rule 11(c)(1)(C) plea agreement.[2] On November 4, 2019, the Court sentenced Defendant to a 120-month term of imprisonment, a four-year term of supervised release, and a $200 special assessment.[3] Defendant is currently incarcerated at Greenville FCI. He is twenty-two years old, and his projected release date is October 11, 2027.

---

[1] Doc. 35 at 1. The Court construes Defendant as seeking relief under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Pub. L. No. 116-136 (enacted Mar. 27, 2020).

[2] Docs. 26, 27.

[3] Doc. 31; *see also* Doc. 32.

On June 9, 2020, Defendant filed this letter, requesting the Court "seek recommendation of maximum Time In community corrections Based on the national emergency and any pertinent individualized factors and maximum home confinement."[4]  Because Defendant is proceeding *pro se*,[5] the Court liberally construes his filing as a motion for relief under the CARES Act.[6]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD must notify the Court within fifteen days of filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or seek additional time make such determination.  In an e-mail to the undersigned dated June 12, 2020, the FPD's office informed the Court that it would not be entering an appearance on Defendant's behalf.  Accordingly, Defendant's motion proceeds *pro se*.

## II.  Discussion

Defendant seeks relief from the Court pursuant to the CARES Act.  The CARES Act permits inmates to seek relief from the BOP, which may place a prisoner "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."[7]  Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the Director of the BOP may "lengthen the maximum amount of time for

---

[4] Doc. 35 at 1 (capitalization in original).

[5] *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] Pub. L. No. 116-136 (enacted March 27, 2020).

[7] 18 U.S.C. § 3624(c)(2).

which [he] is authorized to place a prisoner in home confinement" under § 3624(c)(2).[8] The Attorney General has declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP, and thus the Director of BOP has authority to grant home confinement to a larger group of prisoners.[9]

Although Defendant is correct that the Director of the BOP has expanded authority to put prisoners on home confinement because of COVID-19, the Court lacks jurisdiction to order home detention under this provision.[10] Defendant should address his request for home confinement under the CARES Act to his case manager at the BOP.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lionel Simpson's Motion for Release to Home Confinement (Doc. 35) is **DISMISSED for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated: June 23, 2020

>     S/ Julie A. Robinson
>     JULIE A. ROBINSON
>     CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Pub. L. No. 116-136, § 12003(b)(2).

[9] *See* Memorandum from Attorney Gen. William Barr to Dir. Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.

[10] *See United States v. Brown*, No. 12-20066-KHV, 2020 WL 1935053, at *2 (D. Kan. Apr. 22, 2020) (citing *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (holding while court can recommend relief, the ultimate decision whether to release inmate to home confinement rests with the BOP)).