**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**LIONEL SIMPSON,**

    **Defendant.**

**Case No. 19-20026-JAR**

**ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE OR HOME CONFINEMENT**

This matter comes before the Court on Defendant Lionel Simpson's *pro se* letter (Doc. 39) requesting compassionate release and to be released on home confinement. For the reasons explained below, the Court dismisses Defendant's motion for lack of jurisdiction.

**I.    Background**

On August 12, 2019, Defendant pled guilty to one count of distributing twenty-eight or more grams of a cocaine-base controlled substance and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. §§ 2, 924(c) pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.[1] On November 4, 2019, the Court sentenced Defendant to a 120-month term of imprisonment, a four-year term of supervised release, and a $200 special assessment.[2] Defendant is currently incarcerated at Greenville FCI. He is twenty-two years old, and his projected release date is October 11, 2027.

---

[1] Docs. 26, 27.

[2] Doc. 31; *see also* Doc. 32.

On June 9, 2020, Defendant filed a letter, requesting the Court "seek recommendation of maximum Time In community corrections Based on the national emergency and any pertinent individualized factors and maximum home confinement."[3] The Court construed that motion as a request for relief under the CARES Act, and dismissed it for lack of jurisdiction.[4] Then, on June 24, 2020, Defendant filed another letter, "asking for a Compassionate Release and to Be released on home confinement."[5]

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD must notify the Court within fifteen days of filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant or seek additional time to make such a determination. To date, the FPD has not entered an appearance for Defendant, and the time for doing so has expired. Accordingly, Defendant's motion proceeds *pro se*, and the Court liberally construes his filing as a motion for relief both under the CARES Act[6] and requesting compassionate release under 18 U.S.C. § 3582(c) and the First Step Act.[7]

---

[3] Doc. 35 at 1 (capitalization in original).

[4] Doc. 38.

[5] Doc. 39 at 1.

[6] Pub. L. No. 116-136 (enacted March 27, 2020).

[7] Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5238.

**II.     Discussion**

As explained in detail in the Court's June 23, 2020 Memorandum and Order, it lacks jurisdiction over Defendant's request for relief under the CARES Act.[8] The Court therefore need only address Defendant's request for compassionate release under 18 U.S.C. § 3582(c) and the First Step Act.

The First Step Act of 2018 amended § 3582(c)(1)(A) to allow a defendant to move for compassionate release.[9] This amendment did not give defendants the unrestricted ability to seek compassionate release, but provides that such a motion may be filed only if certain conditions are met:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) In any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)     extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section

---

[8] *See* Doc. 38 at 3 (holding "the Court lacks jurisdiction to order home detention under" the CARES Act).

[9] *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5238.  Before 2018, only the Bureau of Prisons ("BOP") could move for compassionate release of a criminal defendant.

>   3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[10]

Thus, a criminal defendant may file a motion for compassionate release only if: (1) he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [prisoner]'s behalf," or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier."[11] A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[12]

Here, Defendant's letter makes no reference to pursuing administrative remedies or otherwise meeting the exhaustion requirement of § 3582(c). As this Court has previously explained, the requirement to exhaust administrative remedies prior to bringing a motion for compassionate release is jurisdictional.[13] Defendant's failure to demonstrate satisfaction of those requirements, therefore, forecloses this Court from exercising jurisdiction over his motion.

Given the Court's conclusion that Defendant has not exhausted his administrative remedies and that it consequently does not have jurisdiction over his motion, it does not decide whether he has established "extraordinary and compelling reasons" for his release because the Court "may not take action where it lacks statutory authorization to do so."[14]

---

[10] 18 U.S.C. § 3582(c) (emphasis added).

[11] *Id.* at § 3582(c)(1)(A).

[12] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[13] *United States v. Norwood*, No. 13-40115-JAR, 2020 WL 3960430 (D. Kan. July 13, 2020); *accord. United States v. Walker*, No. 13-10051-EFM, 2020 WL 101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived"); *see also United States v. Read-Forbes*, No. 12-20099-KHV, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).

[14] *United Stats v. Perry*, No. 18-CR-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lionel Simpson's Motion for Release to Home Confinement (Doc. 39) is **DISMISSED for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated: July 20, 2020

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE