IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-CR-20026-JAR** |
| **LIONEL SIMPSON,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Lionel Simpson's Motion to Appoint Counsel (Doc. 41) and Motion for Compassionate Release (Doc. 42).  For the reasons provided below, Defendant's motions are denied.

**I.      Background**

On August 12, 2019, Defendant pleaded guilty to one count of distribution of 28 grams or more of a cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. § 2, and one count of use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (2).[1]  On November 4, 2019, this Court sentenced Defendant to 120 months' imprisonment, a four-year term of supervised release, and a $200 special assessment.[2]

Defendant is currently incarcerated at Greenville FCI in Illinois.  The Bureau of Prisons ("BOP") reports 117 inmates at that facility have tested positive for COVID-19, 580 inmates

---

[1] Doc. 27.

[2] Doc. 32.

have been tested, and no inmates have died.[3]  There are 38 active inmate cases, six active staff cases, and five tests are pending.[4]  Defendant is 23 years old, and his projected release date is October 11, 2027.

On August 12, 2020, Defendant filed a motion requesting the appointment of counsel to assist him in filing a motion for compassionate release.  On August 17, 2020, Defendant filed a *pro se* motion requesting compassionate release due to an underlying medical condition of obesity and the risk of severe complications or death should he contract COVID-19 while in prison.[5]  He requests that his time be reduced to time served and to serve some of his imprisonment in home confinement.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any *pro se* individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant and thus his motion proceeds *pro se*.

---

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 14, 2020).

[4] *Id.*

[5] The Court notes that it is Defendant's third time seeking compassionate release from the Court in the last few months.  The Court denied Defendant's two previous requests due to Defendant's failure to exhaust administrative remedies and the resulting lack of jurisdiction.  *See* Docs. 38, 40.

## II.    Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[6]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[7]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[8]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[9]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30

---

[6] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional.  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[10]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[11]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[12]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[13]

---

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[12] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[13] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL

### III.    Discussion

#### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  Defendant

sent a letter to the Warden requesting compassionate release which was denied on July 23,

2020.[14]  In addition, the Government does not dispute that Defendant has satisfied the applicable

exhaustion requirement.  Thus, because more than thirty days have passed since Defendant's

request was denied by the Warden, the Court will consider Defendant's motion.

#### B.    Extraordinary and Compelling Reasons

Having determined that Defendant properly exhausted administrative remedies, the Court

must next determine whether extraordinary and compelling reasons warrant a reduction in

Defendant's sentence.  Congress permitted the Sentencing Commission to "describe what should

be considered extraordinary and compelling reasons for sentence reduction, including the criteria

to be applied and a list of specific examples."[15]  The Sentencing Commission, in its commentary

to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute

extraordinary relief.[16]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling

reasons to reduce his sentence.  He contends that his underlying health condition of obesity,

coupled with the outbreak of COVID-19 in prison, makes him more susceptible to serious illness

or death should he contract COVID-19.  The government states that Defendant's medical records

demonstrate that his body mass index is 35.8 and thus Defendant is considered obese.

---

473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy
burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[14] Doc. 47-1.

[15] 28 U.S.C. § 994(t).

[16] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

Furthermore, the government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of obesity in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court will move on to consider the § 3553(a) factors.

**C.    Section 3553(a) Factors**

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a). That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[17]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the

---

[17] 18 U.S.C. § 3553(a).

offense, and the need to provide adequate deterrence.  In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Defendant pleaded guilty to the serious offenses of distribution of crack cocaine and the use of a firearm during and in relation to a drug trafficking crime.  The facts set forth in Defendant's plea agreement detail at least eight instances in which Defendant sold drugs over a three-month period demonstrating that Defendant was extensively involved in a drug trafficking operation.  Indeed, on the day of Defendant's arrest, he was selling 54.61 grams of crack cocaine.  For sentencing purposes, Defendant was deemed responsible for 143.8 grams of crack cocaine.  Furthermore, Defendant pleaded guilty to the use of a firearm in relation to drug trafficking.  On the day of his arrest, he was in possession of a Glock, model 17, 9 mm pistol.  At this time, he has only served approximately 10 percent of this sentence of his 120-month sentence.  Although Defendant has an underlying condition increasing his risk of serious complications should he contract COVID-19, the reduction of Defendant's sentence in such a significant manner would not afford adequate deterrence or punishment.

Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct.  Nor would it provide adequate deterrence or appropriate punishment.  The Court finds that the 120-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

### D.      Counsel

Defendant requests the appointment of counsel to assist with the preparation and briefing of his compassionate relief motion.  As noted above, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.  There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[18]  Furthermore, Defendant's motion demonstrates that he adequately articulates his arguments for relief.  Thus, his request for counsel is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Appoint Counsel (Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant's Motion for Compassionate Release (Doc. 42) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[18] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).