**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 19-20026-JAR** |
| **LIONEL SIMPSON,** | |
| **Defendant.** | |

### ORDER DENYING MOTION FOR ADDITIONAL TIME

On November 4, 2019, the Court sentenced Defendant Lionel Simpson to a 120-month term of imprisonment.[1]  This matter comes before the Court on Defendant's *pro se* "Motion Requesting Status on Request for Extension of Time to File Motion of 28 U.S.C. § 2255" (Doc. 46) filed November 30, 2020.[2]  Defendant requests a status report on a motion for extension of time he purportedly submitted in October 2020.  Although no such motion was received or filed by this Court or the clerk's office, the Court will construe Defendant's motion as one for extension of time to file a § 2255 motion, which he states is necessary because of restrictions on access to the legal library due to the COVID-19 pandemic.

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[3]  This statute provides that a defendant has one year from the date his

---

[1] Doc. 31. Judgment was entered November 6, 2019.  Doc. 32.

[2] Defendant's motion is postmarked November 25, 2020.  Doc. 46-1.

[3] *See* 28 U.S.C. § 2255(f)(1).

1

judgment of conviction became final to file his § 2255 motion.[4] The Court has no authority to extend the statutory deadline in § 2255(f)(1).[5] Here, Defendant's conviction became final on November 21, 2019, when the fourteen-day period for filing a direct appeal expired.[6] Thus, in order to be timely under § 2255(f)(1), Defendant is required to file a § 2255 motion within one year of November 21, 2019.

While the deadline to file a § 2255 motion is subject to equitable tolling, the question of tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the court *sua sponte*.[7] "Because [D]efendant has not yet filed a Section 2255 motion, any request for the Court to grant an extension under the doctrine of equitable tolling is not ripe" and would constitute an advisory opinion.[8] Accordingly, Defendant's motion for extension of time is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lionel Simpson's Motion for Extension of Time (Doc. 46) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2020

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Id.*

[5] *Washington v. United States*, 221 F.3d 1354 (Table), 2000 WL 985885, at *1 (10th Cir. July 18, 2000) (explaining Congress has explicitly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes the clear intent of Congress to accelerate the federal habeas process).

[6] *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir. 2000) (explaining conviction is final under § 2255 when appeal is no longer available); Fed. R. App. P. 4(b) (stating deadline for notice of appeal in criminal case).

[7] *United States v. Daniels*, 191 F. App'x 622 (10th Cir. 2006).

[8] *See United States v. Lucero*, No. 07-20122-KHV, 2010 WL 5069570, at *1 (D. Kan. Dec. 7, 2010) (citing *United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001)).