IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

 Plaintiff,

 v.

LIONEL SIMPSON,

 Defendant.

Case No. 19-20026-JAR

## MEMORANDUM AND ORDER

On November 4, 2019, the Court sentenced Defendant Lionel Simpson to a 120-month term of imprisonment.[1] On October 15, 2020, the Court denied Defendant's motion for compassionate release, finding that the sentencing factors enumerated in 18 U.S.C. § 3553(a) counseled against release.[2] The Court also denied Defendant's motion to appoint counsel.[3] This matter is now before the Court on Defendant's *pro se* letter (Doc. 48), which the Court construes as a motion to reconsider its October 15, 2020 Order. For the reasons explained below, Defendant's motion is denied.

**I.** **Background**

Defendant is currently incarcerated at FCI Greenville in Illinois. As of January 14, 2020, the Bureau of Prisons ("BOP") reports that 737 inmates have tested positive for COVID-19 out of 1,198 inmates tested at this facility, and no inmates have died from COVID-19.[4] The BOP further reports that there are seventy-four active inmate cases and fifteen active staff cases at FCI

---

[1] Doc. 31. Judgment was entered November 6, 2019. Doc. 32.

[2] Doc. 45.

[3] *Id.*

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 14, 2021).

Greenville.[5]  Defendant is twenty-three years old, and his projected release date is October 11, 2027.

On August 12, 2020, Defendant filed a motion requesting the appointment of counsel to assist him in filing a motion for compassionate release.[6]  Defendant subsequently filed a *pro se* motion requesting compassionate release due to his underlying medical condition of obesity and the risk of serious illness should he contract COVID-19 while in prison.[7]  On October 15, 2020, the Court denied Defendant's motion for compassionate release, finding that although Defendant's underlying medical condition of obesity placed him at an increased risk of serious illness from COVID-19, the 18 U.S.C. § 3553(a) sentencing factors counseled against release.[8]  The Court also denied his motion to appoint counsel.[9]  On December 7, 2020, Defendant filed this *pro se* motion, asking the Court to reconsider its October 15, 2020 Order.

## II.    Legal Standards

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, which must be filed "within 14 days after the order is filed unless the court extends the time."  A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[10]  While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit

---

[5] *Id.*

[6] Doc. 41.

[7] Doc. 42.

[8] Doc. 45.

[9] *Id.*

[10] D. Kan. R. 7.3(b).

2

issues already addressed or to advance arguments that could have been raised in prior briefing."[11] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[12] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[13] Whether to grant a motion for reconsideration is left to the court's discretion.[14]

## III. Discussion

Defendant asks this Court to reconsider its October 15, 2020 Order based on the worsening situation at FCI Greenville amid the COVID-19 pandemic. Defendant filed his motion to reconsider on December 7, 2020, almost two months after this Court denied his motion for compassionate release and motion to appoint counsel. Thus, Defendant's motion to reconsider is untimely.

Even if the Court considers Defendant's motion timely, reconsideration is not warranted in this case. Defendant states that he previously contracted COVID-19 and "suffer[s] residual effects to this date,"[15] but he does not indicate what these lasting effects are. Defendant also states that he fears he will be reinfected if he continues to be housed at FCI Greenville because the number of COVID-19 infections at this facility continues to increase.[16] Despite the

---

[11] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

[12] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[13] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[14] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[15] Doc. 48 at 1–2.

[16] *Id.*

worsening situation, prison staff "refuse to wear masks[s] – the very least they can do to slow . . . the spread of COVID-19."[17]

While the Court recognizes the risk of reinfection[18] and is sympathetic to Defendant's concerns about the soaring infection rates among inmates at FCI Greenville, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, are insufficient to justify compassionate release.[19] The Court's assessment of the 18 U.S.C. § 3553(a) sentencing factors in its prior ruling remains dispositive in this case, and Defendant's motion does not cause the Court to reconsider this aspect of its decision. Defendant's motion for reconsideration is thus denied. Likewise, for the reasons stated in the Court's October 15, 2020 Order, Defendant's request for the appointment of counsel is also denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Lionel Simpson's Motion to Reconsider (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

---

[17] *Id.* at 2.

[18] *See Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020) ("In general, reinfection means a person was infected (got sick) once, recovered, and then later became infected again. Based on what we know from similar viruses, some reinfections are expected."); *see also United States v. Keys*, No. 2:16-00234, 2020 WL 6700412, at *3 (E.D. Cal. Nov. 13, 2020) ("While a CDC representative recently has suggested that based on current evidence reinfections are likely uncommon within 3 months, this observation is not so conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief.").

[19] *See United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release."); *see also United States v. Manzo*, No. 2:07-CR-02042-LRS-2, 2020 WL 6786898, at *3 (E.D. Wash. Nov. 18, 2020) (finding that, while the defendant "is understandably concerned about the risk of . . . reinfection, . . . the analysis regarding reinfection is the same as the risk of infection from COVID-19 generally," and "a general fear of a virus which exists throughout society" cannot independently justify compassionate release (citations omitted)).

Dated: January 15, 2021

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE